

# The Attorney General of Texas

January 4, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable John Wilson, Chairman
Committee on Health and Welfare
House of Representatives
Austin, Texas

Dear Chairman Wilson:

Opinion No. H-1109

Re: Whether consent of
next-of-kin is required
for the taking of corneal
tissue from a decedent
under H.B. 307.

You have requested our opinion concerning the following question:

> May a medical examiner or justice of
> the peace permit the removal of corneal
> tissue by an eye bank official from a
> decedent who dies under circumstances
> requiring an inquest without the prior
> consent of the decedent's next-of-kin?

You have referred us to article 4590-4, V.T.C.S., enacted as House Bill 307 of the 65th Legislature, which provides in part:

> Section 1. On a request from an autho-
> rized official of a nonprofit corporation
> chartered under the laws of Texas, to
> obtain, store, and distribute donor eyes
> to be used by those licensed to practice
> medicine for corneal transplants, for
> research, or for other medical purposes
> and whose medical activities are directed
> by one licensed to practice medicine in
> Texas, for corneal tissue, the justice
> of the peace or the medical examiner
> may permit the taking of corneal tissue
> if:
>
> (1) the decedent from whom the tissue
> is to be taken died under circumstances
> requiring an inquest by the justice of
> the peace or the medical examiner;

(2)  no objection by a person listed
in Section 2 of this Act is known by
the justice of the peace or the medical
examiner; and

(3)  the removal of corneal tissue
will not interfere with the subsequent
course of an investigation or autopsy,
or alter the postmortem facial appear-
ance.

. . . .

Sec. 3.  The justice of the peace, the
medical examiner, and the eye bank official
are not liable for damages in a civil action
brought by a person listed in Section 2 of
this Act who has not objected prior to the
removal of the corneal tissue on any theory
of civil recovery based on a contention that
the consent of plaintiff was required prior
to the removal of corneal tissue as autho-
rized by this Act.

Acts 1977, 65th Leg., ch. 11, at 26-27.  Section 2 of the Bill
provides for objections by certain relatives.

In light of the positive authorization in section 1 and
the protection from liability in section 3 it is abundantly
clear that, so long as no objection has been made, consent of
next-of-kin is not necessary for the removal of corneal tissue
from a decedent who died under circumstances requiring an
inquest.  See generally Love v. Aetna Casualty & Surety Co.,
99 S.W.2d 646 (Tex. Civ. App. -- Beaumont 1936), aff'd, 121
S.W.2d 986 (Tex. Comm'n App. 1938, opinion adopted).

### S U M M A R Y

A medical examiner or justice of the
peace may permit the removal of corneal
tissue by an eye bank official for a
decedent who dies under circumstances
requiring an inquest without the prior
consent of the decedent's next-of-kin.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst